# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Council on American-Islamic Relations – Minnesota and League of Women Voters of Minnesota, | Court File No.: 20-cv-02195 (NEB-BRT) |
| Plaintiffs, | **CITY OF SAINT PAUL'S MOTION FOR LEAVE OF THE COURT TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS** |
| v. | |
| Atlas Aegis, LLC, Anthony Caudle, and John Does #1-10, | |
| Defendants. | |

The City of Saint Paul, Minnesota (the "City," or "Saint Paul") hereby moves for leave of the Court to file an *amicus curiae* memorandum in the above-entitled matter.

## AUTHORITY SUPPORTING THE CITY'S REQUEST

Although there is no federal rule or statute governing participation by amicus curiae at the district court level (*see United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y. 1991)), a federal district court has the inherent authority to invite participation by amicus curiae to assist the court in its proceedings. *United States v. Louisiana*, 751 F.Supp. 608, 620 (E.D. La. 1990); *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987).

"There is no formal rule governing the standard by which to evaluate whether to grant a motion requesting leave to file an amicus curiae brief. Rather, '[a] determination on a request to participate as amicus curiae is discretionary, and the court . . . may grant or refuse leave according as it deems the proffered information timely, useful, or

otherwise.'" *Larson v. Allina Health Sys.*, No. 17-cv-3835 (SRN/TNL), 2020 WL 583082, at *2 (D. Minn. Feb. 6, 2020) (quoting *Murphy v. Piper*, No. 16-cv-2623 (DWF/BRT), 2018 WL 2088302, at *11 (D. Minn. May 4, 2018) (citation omitted) (internal quotation marks omitted)); *see also N. Sec. Co. v. United States*, 191 U.S. 555, 555–556 (1903) (discussing discretionary standard for permitting amicus filings).

As discussed below, Saint Paul asks that the Court exercise its discretion by permitting the City to submit an *amicus curiae* memorandum in this matter.

## THE CITY'S INTEREST IN PARTICIPATION

There is no provision in the Federal Rules of Civil Procedure or the Court's Local Rules governing the filing of *amicus curiae* memoranda. Federal Rule of Civil Appellate Procedure 29, however, is instructive.[1] Pursuant to Rule 29, a party seeking leave to file an *amicus* brief must file a motion which "must be accompanied by the proposed brief and state: (A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. Civ. P. 29(a)(3).

---

[1] The City has complied with the timing and page limitation provisions provided in Rule 129 of the Federal Rules of Appellate Procedure with respect to its *amicus curiae* participation in this matter. If such procedures were followed, the City's *amicus curiae* memorandum would be due on or before October 27, 2020 (seven days after the principal brief supported by the City), and would contain no more than 6,000 words (one half of the length of the word limit for the principal brief, in accordance with Local Rule 7.1(f)). *See* Fed. R. Civ. App. P. 29(a)(5) ("an amicus brief may be no more than one-half the maximum length authorized by these rules for a party's principal brief"); Fed. R. App. P. 29(a)(6) (requiring service and filing of *amicus curiae* brief "no later than 7 days after the principal brief of the party being supported is filed"). Allowing the City to participate as *amicus curiae* in this manner will not delay the case nor prejudice any party.

Here, the City's interest in this matter is public in nature, and the City supports the Plaintiffs. The City seeks leave of the Court to join this matter as *amicus curiae*, because the impact caused by Defendants' conduct in violation of the Voting Rights Act, should the Court permit it to occur, will be particularly severe and pernicious as to City residents.

Defendants' stated goal of "protecting" the State's polls through the presence of armed paramilitary personnel will have a deterrent effect on Saint Paul voters. Saint Paul residents will, if Defendants are permitted to "secure" City polling places, be under-represented at the polls, reducing the City's weight in voting in statewide elections and negatively impacting resident input in city matters at the local level. This effect will be greater for residents of color and immigrants, given Defendants' avowed goal of "protecting" the polls from supporters of the Black Lives Matter movement. The population of Saint Paul is more racially diverse than that of the state as a whole, and also includes a greater percentage of immigrants. Thus, its residents will foreseeably suffer particularly as a result of Defendants' unlawful actions (as distinguished from residents of rural, predominantly White communities).

In addition, Defendants' planned "security" efforts violate state law, and are likely to instigate, not defuse, confrontations at polling places, at a time when tensions within our community already run high. This will in turn lead to an unnecessary drain on City law enforcement resources which can, and properly should, be utilized elsewhere.

Respectfully submitted,

Dated: October 22, 2020

LYNDSEY OLSON
City Attorney

*s/Anthony G. Edwards*
ANTHONY G. EDWARDS, #342555
MEGAN D. HAFNER, #293751
Assistant City Attorneys
*Attorneys for City Defendants*
750 City Hall and Court House
15 West Kellogg Boulevard
Saint Paul, MN 55102
Telephone: (651) 266-8727
Fax: (651) 266-8787
Email: *anthony.edwards@ci.stpaul.mn.us*
   *megan.hafner@ci.stpaul.mn.us*