

# HELLMUTH & JOHNSON

WRITER'S DIRECT DIAL NO.: (952) 746-2175
E-MAIL: TMOORE@HJLAWFIRM.COM

October 23, 2020

The Honorable Judge Nancy E. Brasel                    **VIA ECF**
U.S. District Court Judge
United States District Court
316 N. Robert Street
St. Paul, MN 55101

Re:   *Counsel on American-Islamic Relations – Minnesota and League of Women Voters of Minnesota v. Atlas Aegis LLC, Anthony Caudle, John Does #1-10*
      Court File No.: 20-CV-02195 (NEB/BRT)
      Our File No.: 05000.0192

Dear Judge Brasel:

Our law firm was retained at approximately 3:00 p.m. today by Defendants Atlas Aegis LLC and Anthony Caudle with respect to the TRO Hearing scheduled for Monday in the above-referenced matter. It is our understanding that our clients' response to the motion was due at noon today. Our clients did not retain us until after the deadline had already passed.

This letter is to request an extension of time. We would like the hearing to be rescheduled to later in the week of October 26, 2020. If the Court is not willing to change the hearing date, we would request an opportunity to respond before 11:00 am on Monday, October 26, 2020.

Further, our client has reached an agreement with the Minnesota Attorney General's Office that renders Plaintiffs' Motion moot. The attached Petition for Order Approving Assurance of Discontinuance was filed in Minnesota District Court, Case No. 62-CV-20-5078 today.

Thank you for your consideration of this matter.

Very truly yours,

HELLMUTH & JOHNSON

Terrance W. Moore
Attorney at Law

TWM/ans
cc: brasel_chambers@mnd.uscourts.gov
    Anthony Caudle
    Carol R. M. Moss

05000.0192 - 4851249.1

8050 West 78th Street, Edina, MN 55439  •  T 952-941-4005  F 952-941-2337  www.hjlawfirm.com

STATE OF MINNESOTA                                     DISTRICT COURT

COUNTY OF RAMSEY                                       SECOND JUDICIAL DISTRICT

Case Type: Civil Other/Misc.
Court File No. 62-CV-20-5078
Judicial Officer: Thomas A. Gilligan

In re Civil Investigative Demands on Atlas Aegis

**PETITION FOR ORDER APPROVING ASSURANCE OF DISCONTINUANCE**

The State of Minnesota, by its Attorney General, Keith Ellison, hereby petitions the Court, pursuant to Minn. Stat. § 8.31, subd. 2b for an Order approving the attached, fully-executed Assurance of Discontinuance between the State of Minnesota, through its Attorney General, Keith Ellison, and Atlas Aegis, LLC.

Dated: October 23, 2020

KEITH ELLISON
Attorney General
State of Minnesota

/s/ **Liz Kramer**
LIZ KRAMER
Solicitor General
Atty. Reg. No. 0325089

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1010 (Voice)
(651) 282-5832 (Fax)
liz.kramer@ag.state.mn.us

ATTORNEY FOR STATE OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Case Type: Civil Other/Misc.
Court File No. 62-CV-20-5078
Judicial Officer: Thomas A. Gilligan

| | |
|---|---|
| In re Civil Investigative Demands on Atlas Aegis | **ASSURANCE OF DISCONTINUANCE** |

WHEREAS, this Assurance of Discontinuance ("Assurance") is entered into pursuant to Minn. Stat. § 8.31, subd. 2b, between the State of Minnesota, through its Attorney General, Keith Ellison, and Atlas Aegis, LLC. ("Atlas Aegis");

WHEREAS, the ability of Minnesotans to vote without any intimidation is critical to our democracy;

WHEREAS, the AGO has authority to enforce Minnesota's laws relating to unlawful business activity, including as *parens patria*, and was concerned that Atlas Aegis was violating one or more of the following: Minn. Stat. §§ 326.3381 and 326.339 (requiring private protective agents be licensed in Minnesota); Minn. Stat. § 624.61 (prohibiting private armed association); Minn. Stat. § 609.74 (public nuisance); Minn. Stat. § 211B.07 (precluding voter intimidation); and a civil conspiracy to violate the statutes cited as well as federal law (42 U.S.C. § 1985(3); 52 U.S.C. § 10307; 52 U.S.C. § 10101(b));

WHEREAS, Atlas Aegis is a Tennessee corporation. Atlas Aegis's registered office address is 2000 Mallory Ln., Suite 130-240, Franklin, TN 37067-8231;

NOW THEREFORE, Atlas Aegis hereby agrees to entry of an Assurance of Discontinuance with the following terms and conditions:

2

**FACTUAL PREDICATE**

1. By signing this Assurance of Discontinuance, Atlas Aegis declares under penalty of perjury, that the statements in this Factual Predicate are true and correct.

2. A Minnesota security company (the "Prime") sought additional security guards to work at the private property of its clients around the date of the general election on November 3, 2020 ("election"). Those private clients wanted to have their property and employees protected in the event of any civil unrest that may occur on or immediately after the election.

3. The Prime reached out to companies outside Minnesota to help fill the positions. The Prime never indicated that the work would involve any security at or near polling places. The Prime's solicitation made clear the work would be performed only at the private property of the individual and corporate clients.

4. Atlas Aegis received word from two of its industry contacts of the opportunity in Minnesota: 5326 Consultants (a Florida corporation) and 10-Code. Neither of those companies indicated the scope of work would encompass polling places. Instead, like the Prime, they indicated that the scope of work would entail private security at the private property of Minnesota corporations and individuals.

5. Atlas Aegis was interested in providing personnel to the Prime for the work (either directly or indirectly). It solicited individuals in its network. In doing so, it advertised that the scope of work included security "to protect election polls." Neither the Prime, nor 5326 Consultants, nor 10-Code, had ever told Atlas Aegis that the work would include "protecting election polls." Atlas Aegis added that language completely of its own accord.

6. Atlas Aegis's solicitation drew the attention of the Washington Post. In an interview with a Washington Post reporter, Atlas Aegis's chairman, Anthony Caudle, again indicated that the scope of work included guarding polling sites. In the article by Joshua

Partlow, titled "Former Special Forces sought by private security company to guard polling sites in Minnesota, company says" and published on October 9, 2020, Caudle was quoted as saying security would be "there to make sure that the antifas don't try to destroy the election sites." The article stated "Caudle said Minnesota election officials as well as law enforcement in the state are aware that armed civilians intend to guard polling sites."

7. In fact, Caudle and Atlas Aegis misunderstood the potential scope of work, which did not include any security at or near polling places or "election sites." Caudle had no direct information to suggest that Minnesota election officials were aware that "armed civilians intended to guard polling sites" nor that Minnesota law enforcement was aware that "armed civilians intended to guard polling sites."

8. Atlas Aegis acknowledges that its statements to the Washington Post were incorrect. In making these statements, Atlas Aegis did not intend to intimidate, coerce, or threaten Minnesota voters, poll workers, or others aiding or urging Minnesota voters to vote; or to make Minnesota voters less willing to vote.

9. Neither Atlas Aegis as a company, nor any of its officers or employees, have been engaged to perform work in Minnesota in November.

10. No officers or employees or contractors of Atlas Aegis will be present in Minnesota in November. They will certainly not be acting as "security" at polling places or election sites.

11. Atlas Aegis is also not aware of any other individuals or groups who plan to provide private "security" at polling places or election sites in Minnesota in connection with the election.

12. The Attorney General's Office issued a Civil Investigative Demand to Atlas Aegis on October 14, 2020. It sought answers to interrogatories as well as responses to requests for documents.

## INJUNCTIVE RELIEF

13. Atlas Aegis shall not provide any protective agent services, as defined in Minnesota Statutes section 326.338, in Minnesota from October 22, 2020 through January 1, 2022.

14. Atlas Aegis will not seek to intimidate voters, in Minnesota or elsewhere, in connection with the election.

15. Atlas Aegis shall communicate to each and every listserv, job board, individual etc. that it originally sent its request for election guards in Minnesota, informing them that: Atlas was wrong to suggest the scope of work included "protection of election polls."

16. Atlas Aegis shall provide any remaining documents and information it owes the Attorney General pursuant to the CID and subsequent agreements of counsel by October 26, 2020.

## STAYED CIVIL PENALTY

17. If Atlas Aegis does not violate any of the terms of the Agreement, then a civil penalty will not be imposed. Atlas Aegis shall pay a stayed civil penalty of $50,000 to the Attorney General upon application to the Court and a showing by the Attorney General that Atlas Aegis has violated any of the terms of this Assurance and Order. The Court shall decide whether the stayed civil penalty shall be imposed after an evidentiary hearing. The release in Paragraph 20 does not prevent the Attorney General from moving for, or collecting, the stayed civil penalty described in this Paragraph, to the extent that Atlas Aegis is in breach of this Assurance and Order.

## GENERAL TERMS

18. Atlas Aegis understands that, after the date of the approval of this Assurance by the Court, a violation of this Assurance may subject it to sanctions for contempt pursuant to Minnesota Statutes section 8.31, and the AGO may thereafter, in its sole discretion, initiate legal proceedings against Atlas Aegis for any and all violations of this Assurance.

19. Atlas Aegis does not admit a violation of any Minnesota or federal statute.

20. In consideration of the stipulated relief, the sufficiency of which is acknowledged, the AGO, upon approval of this Assurance by the Court, hereby fully and completely releases Atlas Aegis, including its officers, employees, board members, and agents, from any and all claims of the AGO under the laws cited in the CID [Minnesota Statutes sections §§ 326.3381 and 326.339; Minn. Stat. § 624.61; Minn. Stat. § 609.74; Minn. Stat. § 211B.07; and a civil conspiracy to violate the statutes cited as well as federal law (42 U.S.C. § 1985(3); 52 U.S.C. § 10307; 52 U.S.C. § 10101(b)], arising out of the facts contained in this Assurance, up to and including the date of this Assurance. The AGO through this Assurance does not settle, release, or resolve any claim against Atlas Aegis or any other person or entity involving any private causes of action, claims, and remedies including but not limited to private causes of action, claims, or remedies provided for under Minnesota Statutes section 8.31. This release does not apply in any way to claims of any other State of Minnesota agency, department, official, or division.

21. Atlas Aegis shall not state or imply, directly or indirectly, that the State of Minnesota or the AGO has approved of, condones, or agrees with any conduct, actions, or inactions by Atlas Aegis.

22. Nothing in this Assurance shall relieve Atlas Aegis of its obligations to comply with all applicable Minnesota and federal laws and regulations, and court or administrative orders and directives.

23. The person signing this Assurance for Atlas Aegis warrants that he or she has been given appropriate authority to execute this Assurance, that Atlas Aegis has been fully advised by its counsel before entering into the Assurance, and that he or she executes this Assurance in an official capacity that binds Atlas Aegis and its successors.

24. This Assurance may be executed in counterparts, each of which constitutes an original, and all of which shall constitute one and the same agreement. This Assurance may be executed by facsimile or electronic copy in any image format.

25. This Assurance constitutes the full and complete terms of the agreement entered into by Atlas Aegis and the AGO.

26. Service of notices or other documents required or permitted by this Assurance shall be served on the following persons, or any person subsequently designated by the parties to receive such notices, by mail and email at the addresses identified below:

**As to the AGO:**
Liz Kramer, Solicitor General
Minnesota Attorney General's Office
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101
Liz.kramer@ag.state.mn.us

**As to Atlas Aegis:**
Barry Wallace, Chief Executive Officer
Atlas Aegis
2000 Mallory Ln., Suite 130-240
Franklin, TN 37067-8231
barry.wallace@atlasaegis.com

7

27. The failure of a party to exercise any rights under this Assurance shall not be deemed to be a waiver of any right or any future rights.

28. This Assurance, including any issues relating to interpretation or enforcement, shall be governed by the laws of the State of Minnesota.

29. Nothing in this Assurance shall be construed to limit the jurisdiction, power, or authority of the State of Minnesota or the AGO, except as expressly set forth herein in with regard to Atlas Aegis.

30. Each of the parties participated in the drafting of this Assurance and agree that the Assurance's terms may not be construed against or in favor of any of the parties by virtue of draftsmanship.

31. Each party shall perform such further acts and execute and deliver such further documents as may reasonably be necessary to carry out this Assurance, including that Atlas Aegis shall promptly comply with any reasonable request from the AGO for information regarding verification of Atlas Aegis's compliance with this Assurance.

32. The AGO may file this Assurance with the Court without further notice to Atlas Aegis, and the Court may approve of and enter this Assurance *ex parte* and without further proceedings.

33. The Court shall retain jurisdiction of this matter for purposes of enforcing this Assurance, and all signatories hereto consent to the jurisdiction of the Court for the purposes of enforcing this Assurance.

KEITH ELLISON
Attorney General
State of Minnesota

Date: October 23, 2020   By: _____
Liz Kramer
Solicitor General


Atlas Aegis, LLC.

Date: 23 October, 2020   By: _____
Barry Wallace, Chief Executive Officer
Atlas Aegis, LLC

## ORDER

Having reviewed the terms of the foregoing Assurance of Discontinuance, which is incorporated herein by reference, and which the Court finds reasonable and appropriate, it is SO ORDERED.

Date:_____        _____
                                  JUDGE OF DISTRICT COURT

THERE BEING NO CAUSE FOR FURTHER DELAY, LET JUDGMENT BE ENTERED IMMEDIATELY.