UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Council on American-Islamic Relations-Minnesota and League of Women Voters of Minnesota,<br><br>Plaintiff,<br><br>v.<br><br>Atlas Aegis, LLC, Anthony Caudle, John Does #1-10,<br><br>Defendants. | Court File No.: 20-CV-02195(NEB/BRT)<br><br><br>**DEFENDANTS ATLAS AEGIS, LLC AND ANTHONY CAUDLE'S JOINT ANSWER** |

Defendants Atlas Aegis, LLC ("Atlas") and Anthony Caudle ("Caudle") (together as "Joint Defendants") their joint answer to Plaintiffs' Complaint state the following:

## INTRODUCTION

1. Plaintiffs' statements made in paragraph 1 of Plaintiffs' Complaint are made as an introduction and therefore a response is not required. To the extent a response is required, Joint Defendants deny allegations in paragraph 1.

2. Plaintiffs' statements made in paragraph 2 of Plaintiffs' Complaint are made as an introduction and therefore a response is not required. To the extent a response is required, Joint Defendants deny allegations in paragraph 2.

3. Plaintiffs' statements made in paragraph 3 of Plaintiffs' Complaint are made as an introduction and therefore a response is not required. To the extent a response is required, Joint Defendants deny allegations in paragraph 3.

4. Plaintiffs' statements made in paragraph 4 of Plaintiffs' Complaint are made as an introduction and therefore a response is not required. To the extent a response is required, Joint Defendants deny allegations in paragraph 4.

5. Joint Defendants admit this Court has subject matter jurisdiction over this action, as alleged in paragraph 5 of Plaintiffs' Complaint.

6. Joint Defendants admit the allegation in paragraph 6 of Plaintiffs' Complaint.

7. Joint Defendants admit the allegation in paragraph 7 of Plaintiffs' Complaint.

8. Joint Defendants are without information sufficient to form a belief about the truth of the allegations in paragraph 8 of Plaintiffs' Complaint, and, therefore, deny same.

9. Joint Defendants are without information sufficient to form a belief about the truth of the allegations in paragraph 9 of Plaintiffs' Complaint, and, therefore, deny same.

10. Joint Defendants admit Defendant Atlas is a private security company based in Tennessee. Joint Defendants deny the remaining allegations in paragraph 10 of Plaintiffs' Complaint.

11. Joint Defendants admit Defendant Caudle is a Chairman of Defendant Atlas; Joint Defendants deny the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12. Joint Defendants deny the allegations in paragraph 12 of Plaintiffs' Complaint.

13. Joint Defendants deny the allegations in paragraph 13 of Plaintiffs' Complaint.

14. Joint Defendants admit posting an advertisement as described in paragraph 14. Said advertisement speaks for itself.

15. Joint Defendants deny the allegations in paragraph 15 in that the screenshot does not contain full advertisement and place the burden of proof on Plaintiffs.

16. Joint Defendants admit Defendant Atlas placed job postings but deny the remaining allegations in paragraph 16 of Plaintiffs' Complaint.

17. Joint Defendants admit the statement made in paragraph 17 of Plaintiffs' Complaint but Plaintiffs failed to accurately quote the advertisement in that Defendant Atlas was staffing security positions including "…local businesses and residences from looting and destruction."

18. Joint Defendants deny the allegations in paragraph 18 in that it misquotes said advertisement. Joint Defendants deny the remaining allegations in paragraph 18 of Plaintiffs' Complaint.

19. Media reports cited in paragraph 19 of Plaintiffs' Complaint speak for themselves; therefore, to the extent a response is required, Joint Defendants deny the allegations in paragraph 19.

20. Joint Defendants admit the advertisement noted in paragraph 20 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations in paragraph 20.

21. Joint Defendants admit the advertisement noted in paragraph 21 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations in paragraph 21.

22. Joint Defendants admit the advertisement noted in paragraph 22 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations in paragraph 22.

23. Joint Defendants admit in paragraph 23 of Plaintiffs' Complaint that media outlets produced reports; the contents of such news reports speak for themselves. To the extent a response is required, Joint Defendants deny the allegations in paragraph 23 of Plaintiffs' Complaint.

24. Joint Defendants acknowledge that the October 9, 2020 Washington Post report described in paragraph 24 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations in paragraph 24.

25. Joint Defendants acknowledge that the October 9, 2020 Washington Post report described in paragraph 25 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny allegations in paragraph 25.

26. Joint Defendants acknowledge that the October 9, 2020 Washington Post report described in paragraph 26 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations in paragraph 26.

27. Joint Defendants deny the allegations made in paragraph 27 of Plaintiffs' Complaint.

28. Joint Defendants acknowledge that the October 9, 2020 Washington Post report described in paragraph 28 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations in paragraph 28.

29. Joint Defendants deny the allegations made in paragraph 29 of Plaintiffs' Complaint.

30. Joint Defendants deny the allegations made in paragraph 30 of Plaintiffs' Complaint.

31. Joint Defendants acknowledge that the article described in paragraph 31 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations in paragraph 31.

32. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 32 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

33. Joint Defendants state that the article quoted in paragraph 33 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations outlined in paragraph 33 of Plaintiffs' Complaint.

34. Joint Defendants state that the article quoted in paragraph 34 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations outlined in paragraph 34 of Plaintiffs' Complaint.

35. Joint Defendants state that the article quoted in paragraph 35 of Plaintiffs' Complaint speaks for itself; to the extent a response is required, Joint Defendants deny the allegations outlined in paragraph 35 of Plaintiffs' Complaint.

36. Joint Defendants do not have sufficient information to admit or deny allegations in paragraph 36 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

37. Joint Defendants deny the allegations in paragraph 37 of Plaintiffs' Complaint.

38. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 38 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

39. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 39 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

40. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 40 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

41. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 41 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

42. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 42 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

43. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 43 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

44. Joint Defendants deny the allegations made in paragraph 44 of Plaintiffs' Complaint.

45. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 45 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

46. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 46 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

47. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 47 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

48. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 48 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

49. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 49 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

50. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 50 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

51. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 51 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

52. Joint Defendants deny the allegations in paragraph 52 of Plaintiffs' Complaint.

53. Joint Defendants deny the allegations in paragraph 53 of Plaintiffs' Complaint.

54. Joint Defendants deny the allegations in paragraph 54 of Plaintiffs' Complaint.

55. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 55 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

56. Joint Defendants do not have sufficient information to admit or deny the allegations in paragraph 56 of Plaintiffs' Complaint; therefore, Joint Defendants deny said allegations.

57. No response is required for paragraph 57 of Plaintiffs' Complaint.

58. Joint Defendants state that Section 11(b) of the Voting Rights Act of 1965 speaks for itself.

59. Joint Defendants deny the allegations in paragraph 59 of Plaintiffs' Complaint.

60. Joint Defendants deny the allegations in paragraph 60 of Plaintiffs' Complaint.

61. Joint Defendants deny the allegations in paragraph 61 of Plaintiffs' Complaint.

62. Joint Defendants deny the allegations in paragraph 62 of Plaintiffs' Complaint.

### Joint Defendants' Affirmative Defenses

Further answering and as affirmative defenses to the allegations contained in Plaintiffs' Complaint, Defendants Atlas Aegis and Anthony Caudle state:

1. Defendant Atlas, and Defendant Caudle as an officer of Defendant Atlas, were approached by a private party about potentially locating security guard to work at private property around the November 3, 2020 election.

2. The private party did not indicate the private security would involve any security at or near polling places but rather at private property only.

3. Defendant Atlas solicited individuals to fill said security positions and included the words "to protect election polls" in its advertisement.

4. Joint Defendants misunderstood the potential scope of work sought by the private party, and Joint Defendants had no direct information to suggest that Minnesota election officials were aware that "armed civilians intended to guard polling sites" nor that Minnesota law enforcement was aware that "armed civilians intended to guard polling sites."

5. Joint Defendants acknowledge the inclusion of protecting "election polls" in the scope of work was done in error.

6. Joint Defendants also agreed to be bound to the terms of an Assurance of Discontinuance entered into with Minnesota Attorney General Keith Ellison. In re Civil

Investigative Demands on Atlas Aegis, District Court for Ramsey County, 62-CV-20-5078, dated on or about October 23, 2020 ("Assurance of Discontinuance").

7. After agreeing to the Assurance of Discontinuance, Plaintiffs released a press release in which they confirmed they received the relief sought in this lawsuit, titled, "*Voting Rights Organizations Celebrate Important Victory in Case to Stop Illegal Voter Intimidation in Minnesota*,"

> The Council on American-Islamic Relations of Minnesota (CAIR-MN) and the League of Women Voters of Minnesota today celebrated a major victory in their federal lawsuit against a private mercenary contractor, Atlas Aegis, for voter intimidation in Minnesota.
>
> \*\*\*
>
> League of Women Voters of Minnesota executive director Michelle Witte added, "Minnesota voters can rest easy tonight knowing that their polling places will remain free of sinister voter intimidation. We are grateful to the Minnesota Attorney General for negotiating an agreement that prevents the unlawful and threatening occupation of polling locations. New citizens and other voters of color have the right to peaceful, unimpeded access to the ballot, and the League will continue to stand up for these voters against any and all attacks on their safety and constitutional right to vote."[1]

8. Joint Defendants conducted no security work in Minnesota in November 2020.

9. As part of the Assurance of Discontinuance, Joint Defendants agreed to not seek to intimidate voters, in Minnesota or elsewhere, in connection with the November 3, 2020 election.

10. Joint Defendants also agreed to, and then did, communicate to the listserv, job board, etc. that it originally sent its request for armed security in Minnesota, informing

---

[1] The Council on American-Islamic Relations of Minnesota, the League of Women Voters of Minnesota (2020, Oct. 24). *Voting Rights Organizations Celebrate Important Victory in Case to Stop Illegal Voter Intimidation in Minnesota*. Retrieved Oct. 28, 2020.

them that "Atlas was wrong to suggest the scope of working included 'protection of election polls,'" as part of the Assurance of Discontinuance.

11. Joint Defendants adhered to the terms of the Assurance of Discontinuance.

12. Plaintiffs' moved for and received an order on their motion for primary injunctions, precluding Joint Defendants from taking certain action surrounding the election of November 3, 2020. *Council on American-Islamic Relations – Minnesota, et. al. v. Atlas Aegis, LLC, et. al.*, Order on Motion for Preliminary Injunction, 20-CV-2195 (U.S. Dist. Ct. Minn., Oct. 29, 2020) ("Injunctive Order").

13. Under the terms of the Injunctive Order, Joint Defendants enjoined from deploying or threatening to deploy armed security within 2,500 feet from Minnesota polling places or otherwise monitoring Minnesota polling places during early in-person voting and on November 3, 2020 or other intimidating behavior.

14. Joint Defendants never had any intent to take the actions described in the Injunctive Order in relation to deploying armed security at polling places or intimidating Minnesota voters.

15. Joint Defendants adhered to the terms of the Injunctive Order and Assurance of Discontinuance.

**<u>Affirmative Defense No. 1</u>:**

16. The terms of the Injunctive Order and the Assurance of Discontinuance envelop the relief sought in Plaintiffs' prayer. Therefore, Plaintiffs have already received the remedy, and no longer has a viable claim.

**Affirmative Defense No. 2:**

17. Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), as applied in Plaintiffs' Complaint, is a violation of Joint Defendants' freedom of speech under the First Amendment. U.S. Const., amend I.

**Affirmative Defense No. 3:**

18. Plaintiffs' claim is barred by collateral estoppel.

**Affirmative Defense No. 4**:

19. The Complaint in its entirety, and each and every cause of action therein, fails to allege facts sufficient to constitute a cause of action against Defendants Atlas Aegis and Anthony Caudle.

**Affirmative Defense No. 4**:

**WHEREFORE**, Defendants Atlas Aegis, LLC and Anthony Caudle demand judgment in its favor and against Plaintiffs as follows:

Defendants Atlas Aegis and Anthony Caudle demand judgment dismissing the Plaintiffs' Complaint, in its entirety and awarding Joint Defendants' attorneys' fees and costs, and such other and further relief as the Court shall deem proper.

**DEMAND FOR JURY TRIAL**

Defendants Atlas Aegis, LLC and Anthony Caudle request a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | **HELLMUTH & JOHNSON** |
| Date: January 15, 2021 | By: /s/ Terrance W. Moore |
|  | Terrance W. Moore, 194748 |
|  | Carol R. M. Moss, 389202 |
|  | 8050 W. 78th St. |
|  | Edina, MN 55439 |
|  | Phone: 952-941-4005 |
|  | Fax: 952-941-2337 |
|  | Email: tmoore@hjlawfirm.com |
|  | Email: cmoss@hjlawfirm.com |
|  | **ATTORNEYS FOR DEFENDANTS ATLAS AEGIS, LLC AND ANTHONY CAUDLE** |