IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – MINNESOTA and LEAGUE OF WOMEN VOTERS OF MINNESOTA,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS AEGIS LLC, ANTHONY CAUDLE, JOHN DOES #1-10,<br><br>Defendants. | Civil Action No. 20-CV-02195 (NEB/BRT)<br><br>**JOINT RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on January 22, 2021 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for January 28, 2021 at 10:30 A.M., before United States Magistrate Judge Becky R. Thorson by Zoom.

(a) Rule 7.1 Disclosures.

The parties must comply with Rule 7.1, if applicable:

(1) **For Plaintiff COUNCIL OF AMERICAN ISLAMIC RELATIONS-MINNESOTA ("CAIR-MN") Rule 7.1 does apply. CAIR-MN filed its Rule 7.1 disclosure on October 21, 2020 (ECF No. 22).**

(2) **For Plaintiff LEAGUE OF WOMEN VOTERS OF MINNESOTA ("LWV-MN") Rule 7.1 does apply. CAIR-MN filed its Rule 7.1 disclosure on October 21, 2020 (ECF No. 21).**

(3) **Defendant ATLAS AEGIS LLC ("Atlas") does not have a parent company nor do any publically-held corporations hold any interest in it.**

(4) **For Defendant ANTHONY CAUDLE ("Caudle") Rule 7.1 does not apply.**

(b) Description of the Case.

1

(1) Concise factual summary of Plaintiff's claims:

On and around October 6, 2020, Defendant Atlas posted an advertisement on its Facebook page titled "ARMED SECURITY NOVEMBER ELECTIONS and POST ELECTION SUPPORT MISSIONS." The advertisement stated that Atlas "is staffing security positions in Minnesota during the November Election and beyond to protect election polls." The advertisement solicited applications from former "Tier 1 and Tier 2 [Special Operations Forces] personnel only." In an interview with the Washington Post, published on October 9, 2020, Defendant Anthony Caudle, the chairman of Atlas, made statements confirming the authenticity of the Atlas job advertisements and further discussed their purpose. Mr. Caudle stated that he was planning to send a "large contingent" of armed former soldiers to Minnesota, stating that Defendants sought to deter perceived members of "the [a]ntifas" from "destroy[ing] the election sites." Mr. Caudle further stated that the armed, highly trained agents would act "when there is an issue" and confront perceived "antifa" members and supporters of the Black Lives Matter movement.

Defendants' conduct resulted in substantial concern in Minnesota, including the resignation of two Minneapolis election judges due to safety concerns. Plaintiffs are public service organizations that work with voters and others in Minnesota, including recently naturalized American citizens. For any voter, especially voters of color, new Americans who experienced military or paramilitary intimidation in the countries they left behind, or those who subscribe to the political beliefs singled out by Defendants, the prospect of being confronted at the polls by a paid army of highly trained soldiers with weapons in hand is terrifying.

Plaintiffs work with such voters, including people who were specifically intimidated by the threatened presence of armed former elite soldiers at or near polling places, and who would be intimidated by such presence in the future. They obtained a preliminary injunction under Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b), and now seek permanent injunctive relief.

(2) Concise factual summary of Defendants' claims/defenses:

Defendant Atlas is a Tennessee security firm for which Defendant Caudle serves as Chairman. Atlas recruits primarily veterans to provide security for licensed security providers around the United States, including Minnesota.

In October 2020, a Minnesota security company sought additional personnel to provide security for its clients' property and employees in the event of any

**civil unrest around the November 3, 2020 general election. In response to this request by the Minnesota security company, Defendants posted a job advertisement, seeking veterans to serve as security personnel. This advertisement erroneously stated that the position would include security at Minnesota polling sites.**

**Subsequent to posting the job advertisement, Caudle provided erroneous information to a reporter for the Washington Post, indicating that the scope of work for the posted position included guarding polling sites. Defendants Caudle and Atlas misunderstood the scope of work sought by the Minnesota private security company. There was no intent to hire security for Minnesota polling sites.**

**Through posting of the job advertisement and information provided to the Washington Post, Defendants did not intend to intimidate, coerce, or threaten Minnesota voters, poll workers, or others aiding or urging Minnesota voters to vote; or to make Minnesota voters less willing to vote. Defendants did not participate in any security actions at Minnesota polling sites nor did they refer any individuals or contractors to any security companies for the purpose of providing security at Minnesota polling sites around the November 3, 2020 general election.**

**In a testament to their good will and intentions, Defendants entered into an Assurance of Discontinuance with Minnesota Attorney General Keith Ellison on or about October 23, 2020. Defendants were also subjected to a preliminarily injunction barring Defendants from providing security for Minnesota polling places and election sites around the November 3, 2020 election.**

**For their defenses, Defendants assert that they did not violate Section 11(b) of the Voting Rights Act; Plaintiffs received the remedies for which they sought through the preliminary injunction; Defendants' speech is protected by First Amendment, as applied, in protection of political speech.**

(3) Statement of jurisdiction (including statutory citations):

**The parties agree that:**

**(i) This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this action arises under Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b).**

**(ii) This Court has authority to issue declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.**

3

**(iii) Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in Minnesota, and all Defendants are subject to personal jurisdiction in Minnesota.**

(4) Summary of factual stipulations or agreements:

**The parties agree that:**

1. **Plaintiff Council on American-Islamic Relations—Minnesota is a non-profit civic engagement organization with the mission to enhance the understanding of Islam, encourage dialogue, protect civil liberties, empower American Muslims, and build coalitions that promote justice and mutual understanding.**

2. **Plaintiff League of Women Voters of Minnesota is a nonprofit civic engagement organization with the mission to encourage informed and active participation in government, increase understanding of major public policy issues, and influence public policy through education and advocacy.**

3. **Defendant Atlas is a private security company based in Franklin, Tennessee.**

4. **Defendant Caudle is a Chairman of Defendant Atlas.**

(5) Statement of whether a jury trial has been timely demanded by any party:

**The parties are not seeking a jury trial due to extent Plaintiffs seek only equitable remedies.**

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

**The parties do not agree to the Expedited Trial Rules.**

(c) Pleadings.

Statement as to whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

**All process has been served.**

**Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiffs plan to file an amended complaint as of right on or before February 5, 2021. This amended complaint**

4

> **may include additional facts, additional claims, additional plaintiffs, and/or additional defendants.**
>
> **Defendants' responsive filing will be due no later than February 19, 2021.**
>
> **The parties may request to modify the discovery plan based on the final amended pleadings.**

(d) Discovery of Electronically Stored Information.

> **The parties have discussed the potential need for electronically-stored information and do not foresee significant amount of ESI as discovery production, given the limited number of potential witnesses and narrow time frame of relevant events. The parties agree to meet and confer after the exchange of initial discovery requests to determine what, if any, ESI or discovery production protocols should be established.**

(e) Fact Discovery.

The parties should agree on their proposed plan using this form. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery, they should set forth their separate positions in their Rule 26(f) Report for discussion at the pretrial conference.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **February 12, 2021**.

(2) The parties must commence fact discovery procedures in time to be completed by **June 28, 2021**. The parties will discuss whether a date for the substantial production of documents should be set within the fact discovery period, to facilitate the taking of depositions.

(3) The parties have discussed the scope of discovery including relevance and proportionality and propose that the Court limit the use and numbers of discovery procedures as follows:

   (A)  **25** interrogatories;

   (B)  **40** document requests. The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). For the parties' convenience, the Rule is set forth below:

5

> *Rule 34*
>
> > *(b) PROCEDURE.*
> >
> > > *(2) Responses and Objections.*
> > >
> > > > *(B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.*

If the responding party producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

> (C) **100** requests for admission. The parties have discussed a protocol for the authentication of documents and agree on the following:
>
> **Where possible, the parties will stipulate to the authenticity of documents that they produce. Where not possible, the parties agree that authentication is a proper subject for a request for admission.**
>
> (D) **8** factual depositions: Defendant Caudle; three other corporate officials from Defendant Atlas; one official from each Plaintiff; Michelle Witte from Plaintiff LWVM, and Jaylani Hussein from Plaintiff CAIR-M; additionally, up to **10** total depositions of third party witnesses, including Casey Carl from City of Minneapolis. The parties have discussed the geographical location for the depositions and agree on the following:
>
> **Depositions shall be conducted in Minneapolis or, if the COVID-19 pandemic renders that unsafe, via video.**
>
> (E) The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:
>
> **The parties agree the Rule 30(b)(6) depositions shall be completed by June 28, 2021, which is the close of discovery.**

    (F) The parties have discussed Rule 35 medical examinations and agree **that a Rule 35 medical examination is not appropriate in this case.**

    (G) _____ other.

(f) Expert Discovery.

  (1) The parties anticipate that they **will** require expert witnesses at the time of trial.

    (A) The plaintiffs anticipate calling up to **2** experts in the field of **voter intimidation and human psychology**, **in addition to reserving the right to call rebuttal experts**.

    (B) The defendants anticipate calling up to **1** (number) experts in the fields of: **private security, in addition to reserving the right to call rebuttal experts.**

    (C) The parties must meet and confer to confirm the fields (not necessarily the identity of the expert witnesses) on or before **April 1, 2021.**

  (2) The parties propose that the Court establish the following plan for expert discovery:

The parties must discuss the particular expert needs in the case and then carefully tailor their recommended plan for disclosure of experts, service of reports and timing of depositions.

    (1) Initial experts.

      (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before:

      **Plaintiff:  July 28, 2021; Defendants:  August 28, 2021.**

      (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before:

      **Plaintiff:  July 28, 2021; Defendants:  August 28, 2021.**

    (2) Rebuttal experts.

      (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before:

      **September 27, 2021.**

(ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before:

**September 27, 2021.**

(3) All expert discovery, including expert depositions, must be completed by **November 29, 2021.** The parties must meet and confer to coordinate expert depositions. This conference should immediately follow the disclosure of the experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order. **Depositions taken for presentation at trial shall be completed 2 weeks before trial.**

(4) Each party may call up to **2** experts. Each side may take **1** deposition per expert.

(g) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **May 14, 2021.**

(2) Motions seeking to amend the pleadings must be filed and served by **May 14, 2021, except for claims for punitive damages.**

(3) Motions seeking an amendment of the pleadings to add punitive damages must be filed and served by **October 15, 2021.**

(4) Non-dispositive motions.

   (1) All non-dispositive motions relating to fact discovery must be filed and served by **June 28, 2021**.

   (2) All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **30 days, following the deadline for disclosure of an expert.**

(5) Discovery motions

Before moving for an order relating to discovery, the movant must request an informal conference with the Court by calling Melissa Kruger, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210. The parties will jointly or separately email the Court at least 24 hours prior to the conference to (1) identify the discovery dispute; (2) inform the Court whether the

parties agree to IDR to resolve the dispute; and (3) inform the Court of any other information that would be helpful in resolving the dispute in a just, speedy, and inexpensive way.

(6) Informal Dispute Resolution

Prior to scheduling any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. If an informal dispute resolution process is used, there is no transcript recording of informal proceedings, including telephone conversations. The matter is not briefed and declaration and sworn affidavits are not filed. Therefore, all parties must be in agreement to participate informally before the Court will consider IDR. If there is no agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.

If the parties agree to pursue the IDR process, the moving party, or the parties jointly, must electronically file a short letter setting forth the issue to be resolved. The Court will review the letter and inform the parties whether IDR will be used. If IDR is used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be submitted by each side. If the parties wish to proceed with IDR in a manner other than that outlined above, the short letter must include a specific proposal for the Court to consider.

(7) Dispositive Motions.

All dispositive motions must be filed and served by **January 28, 2022**.

(h) Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery. At this time, the parties do not anticipate the need for a protective order.

(i) Claims of Privilege or Protection.

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502, and have agreed as follows:

(a) Each party will produce to opposing counsel a log of all records responsive to discovery requests, clearly identifying where information has been redacted or withheld based upon an identified privilege (a "privilege log"),

9

    (b) The privilege log for responsive records shall be produced at the time the records are produced to opposing counsel, although delay may be agreed upon by consent of all parties. Production shall in no case occur later than two days from service of the written responses to discovery requests at issue.

(j) Trial-Ready Date.

    (1) The parties agree that the case will be ready for trial on or after **April 28, 2022.**

    (2) The anticipated length of the trial is **2 days**.

(k) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

**None.**

(l) Settlement.

    (1) Counsel must meet before the scheduled pretrial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1 to discuss settlement. No later than three business days prior to the pretrial conference, the parties must prepare and file a joint Rule 26(f) Report in compliance with the rules.  Please e-mail a copy to Magistrate Judge Thorson at thorson_chambers@mnd.uscourts.gov. In addition, the parties must send Magistrate Judge Thorson a confidential letter setting forth what settlement discussions have taken place, whether the party believes and early settlement conference would be productive and when it should occur, and what discovery, if any, the party believes would be necessary to conduct before such a conference.  The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

    (2) The parties propose that a settlement conference be scheduled to take place before **April 15, 2021**.

    (3) The parties have discussed whether other alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

**Court-hosted early settlement conference.**

(m)   Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).  (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

Dated:  January 25, 2021                    By:  /s/ Julia Dayton Klein
                                                 Julia Dayton Klein

                                                 **LATHROP GPM LLP**
                                                 Julia Dayton Klein (MN Bar #0319181)
                                                 Amy Erickson (MN Bar #0399214)
                                                 500 IDS Center
                                                 80 South 8th Street
                                                 Minneapolis, MN 55402
                                                 Julia.DaytonKlein@lathropgpm.com
                                                 Amy.Erickson@lathropgpm.com
                                                 (612) 632-3153
                                                 (612) 632-3470

                                                 **FREE SPEECH FOR PEOPLE**
                                                 Ronald Fein*
                                                 John Bonifaz*
                                                 Ben Clements*
                                                 1320 Centre Street, Suite 405
                                                 Newton, MA 02459
                                                 Telephone: (617) 244-0234
                                                 rfein@freespeechforpeople.org
                                                 jbonifaz@freespeechforpeople.org
                                                 bclements@freespeechforpeople.org
                                                 * Admitted pro hac vice

                                                 **ATTORNEYS FOR PLAINTIFFS**

Dated: January 25, 2021

**HELLMUTH & JOHNSON**

By: /s/ Carol R.M. Moss
Terrance W. Moore, 194748
Carol R. M. Moss, 389202
8050 W. 78th St.
Edina, MN 55439
Phone: 952-941-4005
Fax: 952-941-2337
Email: tmoore@hjlawfirm.com
Email: cmoss@hjlawfirm.com

**ATTORNEYS FOR DEFENDANTS ATLAS AEGIS, LLC AND ANTHONY CAUDLE**