IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS – MINNESOTA, LEAGUE OF WOMEN VOTERS OF MINNESOTA,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS AEGIS LLC, ANTHONY CAUDLE, JOHN DOES #1-10,<br><br>Defendants. | Civil Action No. 20-CV-2195 (NEB/BRT)<br><br>**CONSENT DECREE** |

## INTRODUCTION

WHEREAS, Plaintiffs Council on American-Islamic Relations—Minnesota and League of Women Voters of Minnesota (collectively, "Voter Organizations") filed this action against Defendants Atlas Aegis LLC, its chairman Anthony Caudle (collectively, "Defendants"), and ten unknown John Does, alleging intimidation of voters under Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b);

WHEREAS, the Voter Organizations filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking immediate relief with respect to the November 2020 general election, and this Court granted the preliminary injunction, which remains in effect;

1

WHEREAS, the Voter Organizations and Defendants have conferred in good faith and have negotiated the terms of this Consent Decree to fully and finally settle the claims raised by the Voter Organizations;

WHEREAS, Defendants specifically deny they have committed any statutory violation. This Consent Decree shall not be deemed an admission of liability by Atlas Aegis LLC and/or its Chairman, Anthony Caudle. All parties acknowledge that all claims and defenses are asserted in good faith; and

WHEREAS, after reviewing the terms of this Consent Decree, the Court finds them to be fair, just, reasonable, and consistent with the purposes of the Voting Rights Act, and the Voter Organizations and the Defendants agree that entry of this Consent Decree, without further litigation, is in the public interest;

ACCORDINGLY, THE COURT ORDERS, ADJUDGES, AND DECREES:

I.     JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this action arises under Section 11(b) of the Voting Rights Act of 1965, 52 U.S.C. § 10307(b).

2. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District, and all Defendants are subject to personal jurisdiction in this District.

II.     DEFINITIONS

3. "Early voting period" means the period before any Minnesota election designated for in-person absentee voting in accordance with Minn. Stat. § 203B.081.

4. "Early voting locations" means the office of any Minnesota county auditor and any other polling place designated by the county auditor for in-person voting in accordance with Minn. Stat. § 203B.081.

### III. BACKGROUND

5. Plaintiff Council on American-Islamic Relations—Minnesota ("CAIRMN") is a non-profit civic engagement organization with the mission to enhance the understanding of Islam, encourage dialogue, protect civil liberties, empower American Muslims, and build coalitions that promote justice and mutual understanding. CAIR-Minnesota regularly works directly with the Muslim Minnesotan community (comprised predominantly of people of East African descent) on civic engagement activities, including get-out-the-vote efforts.

6. Plaintiff League of Women Voters of Minnesota ("LWVMN") is a nonprofit civic engagement organization with the mission to encourage informed and active participation in government, increase understanding of major public policy issues, and influence public policy through education and advocacy. LWVMN works with Minnesotans to conduct state and local advocacy, voter registration and engagement, civic education, and member enrichment programs. LWVMN is nonpartisan, neither supporting nor opposing candidates or political parties at any level of government, but always working on vital issues of concern to members and the public. LWVMN has approximately 2,400 members throughout Minnesota.

7. Defendant Atlas Aegis LLC ("Atlas Aegis") is a Tennessee corporation. Atlas Aegis's registered office address is 2000 Mallory Ln., Suite 130-240, Franklin, TN 37067-8231.

8. Defendant Anthony Caudle is a resident of Tennessee. He presently serves as the Chairman of Atlas Aegis but enters this Consent Decree separately from the obligations applicable to Atlas Aegis.

### IV. REQUIREMENTS

9. During the applicable early voting period preceding any Minnesota election, Defendants shall not deploy armed agents within 250 feet of, or otherwise monitor, any early voting location for that election.

10. On the date of any Minnesota election, Defendants shall not deploy armed agents within 250 feet of, or otherwise monitor, any Minnesota polling place.

11. After any Minnesota election, Defendants shall not deploy armed agents within 250 feet of, or otherwise monitor, places in Minnesota where ballots are being counted, recounted, or canvassed; or where county canvassing boards or the State Canvassing Board are meeting to canvass, inspect, or declare the results of that election; or where Minnesota's presidential electors are meeting to vote in the presidential general election.

12. Defendants shall not otherwise intimidate, threaten, or coerce voters, persons aiding voters, or persons engaged in tabulating, counting, or reporting votes, in connection with voting activities in Minnesota.

13. Defendants shall take all reasonable steps to inform themselves of dates and places pertaining to Minnesota elections necessary to comply with this Consent Decree.

14. Defendants, in the normal course of their business, may supply armed or unarmed security personnel to protective services companies for purposes other than those activities prohibited by paragraph 12. Notwithstanding paragraphs 9-13, doing so shall not be considered a violation of this Decree. Not later than 25 days before the date of any federal election, Defendants shall inform the Voter Organizations in writing of the specific locations of any polling place(s) in Minnesota where any armed security personnel supplied by Defendants pursuant to this paragraph will or may be visible to the public within 250 feet of such polling place(s) on the date of the election.

## V. MISCELLANEOUS

15. This Consent Decree shall remain in effect until January 1, 2025. The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Consent Decree.

16. Each Voter Organization retains the right to petition the Court, at any time during the duration of this Consent Decree, for the purpose of enforcing the Decree. The parties shall negotiate in good faith in an attempt to resolve any dispute relating thereto before seeking relief with the Court. Failure of a party to seek enforcement of this Consent Decree pursuant to its terms with respect to any

instance or provision shall not be construed as a waiver to such enforcement with regard to other instances or any provisions.

17. Each party shall bear its own attorneys' fees and costs for this action.

18. This Consent Decree constitutes the entire agreement by the parties and no statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree, shall be enforceable regarding the matters raised in this Decree.

19. This Consent Decree is a final judgment and has binding effect on the parties, including all principals, agents, executors, administrators, representatives, employees, successors in interest, beneficiaries, assigns, and legal representatives thereof.

20. Parties may provide a copy of this Consent Decree to non-parties only if accompanied by the following statement: "This matter has been resolved by agreement. The parties have agreed that Defendants shall be restricted in their actions as set forth in the terms of the attached Consent Decree. Defendants have not admitted any liability and specifically deny they have committed any statutory violation." This provision shall survive termination of this Decree.

21. The undersigned representatives of the parties certify that they are authorized to enter into and consent to the terms and conditions of the Consent Decree and to execute and legally bind the parties to it.

22.     If any provision of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

**IT IS SO ORDERED.**

_____

Honorable Nancy E. Brasel
United States District Judge

Dated: _____

**FOR PLAINTIFFS COUNCIL OF AMERICAN-ISLAMIC RELATIONS—MINNESOTA AND LEAGUE OF WOMEN VOTERS OF MINNESOTA:**

Date:  February 3, 2021

| /s/ Julia Dayton Klein | /s/ Ronald A. Fein |
|---|---|
| LATHROP GPM LLP<br>Julia Dayton Klein (MN Bar #0319181)<br>Amy Erickson (MN Bar #0399215)<br>500 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: 1.612.632.3153<br>julia.daytonklein@lathropgpm.com<br>amy.erickson@lathropgpm.com | FREE SPEECH FOR PEOPLE<br>Ronald Fein*<br>John Bonifaz*<br>Ben Clements*<br>1320 Centre Street, Suite 405<br>Newton, MA 02459<br>Telephone: (617) 244-0234<br>rfein@freespeechforpeople.org<br>jbonifaz@freespeechforpeople.org<br>bclements@freespeechforpeople.org<br>  *Admitted to D. Minn. *Pro Hac Vice*<br><br>*Attorneys for Plaintiffs* |

FOR DEFENDANTS ATLAS AEGIS LLC AND ANTHONY CAUDLE

HELLMUTH & JOHNSON

/s/Terrance W. Moore                Date:  February 2, 2021
Terrance W. Moore, #194748
8050 W. 78th St.
Edina, MN 55439
Phone: 952-941-4005
Fax: 952-941-2337
Email: tmoore@hjlawfirm.com

*Attorney for Atlas Aegis LLC and Anthony Caudle*