UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COUNCIL ON AMERICAN–ISLAMIC RELATIONS–MINNESOTA; and LEAGUE OF WOMEN VOTERS OF MINNESOTA,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS AEGIS, LLC; ANTHONY CAUDLE; and JOHN DOES #1–10,<br><br>Defendants. | Case No. 20-CV-2195 (NEB/BRT)<br><br>ORDER ON MOTION TO ENTER CONSENT DECREE |

The Council on American-Islamic Relations–Minnesota and the League of Women Voters of Minnesota (collectively, the "Voter Organizations") sued Atlas Aegis, LLC, Anthony Caudle, and unknown John Does #1–10,[1] seeking to prevent them from placing armed agents at polling places in Minnesota for the 2020 general election. The Court entered a preliminary injunction enjoining Atlas Aegis from doing so. (ECF No. 39.)

The parties reached an agreement in the case and now ask the Court to enter a consent decree in which Atlas Aegis and Caudle agree not to deploy armed agents at Minnesota election sites, or otherwise intimidate, threaten, or coerce voters, persons aiding voters, or persons engaged in tabulating, counting, or reporting votes in

---

[1] John Does #1–10 have been neither identified to this Court nor served and are therefore not bound by the terms of the consent judgment.

Minnesota. (ECF Nos. 56, 57.) Finding that the consent judgment is procedurally fair, substantively fair, reasonable, and consistent with governing law, the Court grants the motion and enters the consent judgment.

## BACKGROUND

To provide background, the Court draws the following facts from its Order granting the Voter Organizations' motion for preliminary injunction. (ECF No. 39.) In the run-up to the 2020 general election, Atlas Aegis, a private security firm with Caudle as its chair, posted a job related to protecting Minnesota election polls from "looting and destruction." (*Id.* at 2.) Caudle then conducted a media interview in which he stated that Atlas Aegis would be sending a "large contingent" of armed forces to prevent "antifa" from destroying election sites in Minnesota and to avoid a repeat of the destruction that occurred in the wake of the death of George Floyd. (*Id.*) The Voter Organizations sued Atlas Aegis and Caudle to enjoin them from such conduct, arguing that it constituted voter intimidation in violation of the Voting Rights Act of 1965 ("VRA"). (*Id.* at 4.)

## ANALYSIS

In deciding whether to approve a proposed consent judgment, a district court must determine whether it is procedurally fair, substantively fair, reasonable, and consistent with governing law. *United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992); *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018 (8th Cir. 2002). When conducting such a review, "the court must carefully consider the underlying facts

and legal arguments without mechanistically rubber stamping the consent judgment." *United States v. NGL Crude Logistics, LLC*, No. 16-CV-1038-LRR, 2017 WL 1371286, at *3 (N.D. Iowa Apr. 11, 2017) (cleaned up, citing *BP Amoco*, 277 F.3d at 1019).

## I. Procedural Fairness

To assess procedural fairness, courts look to "the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *Nat'l Credit Union Admin. Bd. v. True Yang Vangh*, No. 15-CV-3871 (WMW/KMM), 2018 WL 6437423, at *2 (D. Minn. June 28, 2018) (quotation omitted). Relevant factors include whether the parties negotiated in good faith and at arm's length. *Id.* (citing *BP Amoco*, 277 F.3d at 1020). Here, there is no indication that the parties negotiated in bad faith or any closer than arm's length. Additionally, all signatories to the consent judgment were represented by counsel. Accordingly, the consent judgment is procedurally fair.

## II. Substantive Fairness

Substantive fairness revolves around "concepts of corrective justice and accountability." *Nat'l Credit Union*, 2018 WL 6437423, at *2 (citing *BP Amoco*, 277 F.3d at 1020). The relevant inquiry to determine substantive fairness is "whether the proposed [consent judgment] is fair, reasonable, and faithful to the objectives of the governing statute." *Id.* (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)).

The governing statute here is the VRA, specifically 52 U.S.C. Section 10307(b), which prohibits intimidating, threatening, or coercing, or attempting to do so, those

voting, attempting to vote, or aiding and encouraging others to vote. The Court finds that the terms of the consent judgment are faithful to the VRA's objectives because it enjoins Defendants from engaging in conduct that might intimidate voters in Minnesota elections and requires Atlas Aegis to inform the Voter Organizations if it will have armed personnel near Minnesota election sites. (ECF No. 57 ¶¶ 9–14.) The Court has no reason to suspect that the terms of the consent decree are substantively unfair.

### III.     Reasonableness

Factors that courts look to when considering reasonableness include "whether the consent judgment reflects a resolution of the allegations in the complaint, whether the terms of the consent judgment are clear, and the relative strength of the parties' positions." *Nat'l Credit Union*, 2018 WL 6437423, at *2 (first citing *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294–95 (2d Cir. 2014); and then citing *Cannons*, 899 F.2d at 89–90)). The consent judgment here resolves the allegations in the Complaint as the Voter Organizations have obtained relief similar to that sought in filing the case. (*Compare* ECF No. 9 at 2, *with* ECF No. 57 ¶¶ 9–14.) The terms of the consent judgment are clear and appear to reflect the relative strength of the parties' positions, particularly since the Court previously determined that the Voter Organizations had a likelihood of success on the merits of their claims. (ECF No. 39.) The consent judgment is reasonable.

### IV. Consistency with Governing Law

The final consideration in approving a consent judgment is whether it is consistent with the governing law. *Nat'l Credit Union,* 2018 WL 6437423, at *2 (citing *Cannons*, 899 F.2d at 90)). As addressed above (*see supra* Part II), the judgment is consistent with the VRA. If the allegations in the Complaint are true, Atlas Aegis planned to intimidate voters by placing armed personnel near Minnesota election sites. A consent judgment requiring Defendants to, among other things, refrain from placing armed personnel near Minnesota election sites, and refrain from intimidating, threatening, or coercing voters, is consistent with the VRA and the Voter Organizations' allegations.

The parties' consent judgment is procedurally fair, substantively fair, reasonable, and consistent with governing law.

### CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Consent Motion to Approve Consent Judgment (ECF No. 56) is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 16, 2020                    BY THE COURT:

                                            s/Nancy E. Brasel
                                            Nancy E. Brasel
                                            United States District Judge